**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lazaro D. B.,

Petitioner,

v.

Markwayne Mullin, *Secretary, Secretary, Department of Homeland Security*; Todd Blanche, *Acting Attorney General*; David Venturella, *Senior Official Performing Duties of Director of United States Immigration and Customs Enforcement*; and David Easterwood, *Acting Director* of *St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-2798-JRT-EMB

**REPORT AND RECOMMENDATION**

Petitioner Lazaro D. B.[1] has filed an amended[2] petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 9.) He claims his immigration detention is unlawful, warranting declaratory relief and immediate release. The government filed a response (Dkt. No. 5), and Lazaro filed a reply (Dkt. No. 7).

[1] This District uses the first name and last initials of nongovernmental parties in immigration cases. Petitioner is referred to by his first name only throughout the remainder of this Report and Recommendation.

[2] Lazaro filed an amended petition at Docket Number 9 to address a technicality. The amended petition does not substantively differ from the petition he filed at Docket Number 1.

The petition was referred to me to issue a Report and Recommendation. *See* 28 U.S.C. § 636; D. Minn. L.R. 72.1. For the reasons explained below, I recommend that the Court grant Lazaro's petition.

## I. Background

Lazaro is a 71-year-old citizen of Cuba and resident of Minnesota. (Pet. ¶¶ 3, 12.) He was paroled into the United States forty-six years ago as a political refugee. (*Id.* ¶ 12; Draves Decl. (Dkt. No. 6) ¶ 4.) In 1999, an immigration judge ordered him removed to Cuba. (Pet. ¶ 15; Draves Decl. ¶ 5.) He was detained while immigration authorities tried to effectuate the order of removal. (Pet. ¶ 16.) But authorities were unable to remove him "due to the current state of negotiations with Cuba." (Pet. ¶¶ 15–16.)

In January 2002, Lazaro was released from detention on an order of supervision subject to certain conditions, including that he remain law-abiding. (Pet. ¶ 17; Draves Decl. ¶ 7.) It appears based on the record before me that he complied with these conditions for nearly twenty-five years.

In May 2026, Lazaro was briefly detained on a state law threats-of-violence charge. (Pet. ¶ 22; Draves Decl. Ex. 5 at 1–2.) The charges are pending. (Pet. ¶ 22.) He was released on May 27, 2026. (*Id.*) While exiting the county jail lobby, an Immigration and Customs Enforcement ("ICE") agent approached him, handcuffed him, and transported him to an ICE detention center. (*Id.*) He remains detained.

## II. Discussion

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The right to habeas relief "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 700–01 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). Federal courts have the authority to order the release of ICE detainees if their detention violates due process or if "ICE fails to follow its own regulations." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 779 (D. Minn. 2025). Thus, release may be appropriate when ICE fails to comply with its own regulations governing the arrest and detention of individuals previously released on orders of supervision. *See Bashir A. O. v. Blanche*, No. 26-cv-2426-JRT-DLM, 2026 WL 1481591, at *3 (D. Minn. May 20, 2026).

Here, Lazaro argues that his detention is unlawful for three reasons. First, he argues that the warrant that Respondents relied on to arrest him was invalid. Second, he argues that a warrantless arrest was not authorized. Third, he argues that Respondents failed to follow their own procedures when they revoked his order of supervision. (Reply (Dkt. No. 7) at 12.)

I address each argument in turn.

**A. Arrest warrant.**

Lazaro argues that the Respondents used an invalid warrant to arrest him. I agree.

Section 1226(a) of Title 8 of the United States Code authorizes arrest and detention of a noncitizen "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed from the United States." The regulations implementing this provision state: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of ***Form I-200, Warrant of Arrest***." 8 C.F.R. § 236.1(b)(1). A "notice to appear" is the charging document that begins removal proceedings. *See Pinos Gonzalez v. Barr*, 929 F.3d 595, 597 (8th Cir. 2019).

When a noncitizen receives a final order of removal, removal proceedings are complete and the "removal period" begins. At this point, regulations require a different type of warrant to take a noncitizen into custody: ***Form I-205, Warrant of Removal/Deportation***. 8 C.F.R. § 241.3(a) ("Once the removal period defined in section 241(a)(1) of the Act begins, an alien in the United States will be taken into custody *pursuant to the warrant of removal*.") (emphasis added)); *see* 8 C.F.R. § 241.2(a)(1) (defining Form I-205 as a "Warrant of Removal").

The Supreme Court recognizes that warrants issued during removal proceedings are distinct from warrants issued during the removal period. *Arizona v. United States*, 567 U.S. 387, 407–08 (2012). This Court has recognized that "the two warrants differ in who is authorized to issue them." *Inti C.-L. v. Blanche*, No. 26-cv-2777-PJS-SGE, Dkt. No. 10 at 3 (D. Minn. June 9, 2026). For example, the list of immigration officials authorized to issue Form I-200 warrants of arrest is broader than the list authorized to issue Form I-205 warrants of removal. *See id.* (comparing 8 C.F.R. § 241.2(a)(1) with *id.* §§ 236.1(b)(1) & 287.5(e)(2)). This Court has also recognized that the government violates its own regulations when it takes a noncitizen who is in the removal period into custody using Form I-200 warrant of arrest instead of the proper Form I-205 warrant of removal. *See id.* (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).

Here, Lazaro was in the removal period. Thus, he could "*not* [be arrested] pursuant to a Form I-200 warrant." *Inti C.-L.*, No. 26-cv-2777-PJS-SGE, Dkt. No. 10 at 3 (emphasis in original). Instead, regulations required him to be "taken into custody pursuant to the warrant of removal." 8 C.F.R. § 241.3(a).

But Respondents purported to arrest Lazaro pursuant to a Form I-200 warrant to arrest. (Draves Decl., Ex. 3 at 1.) Notably, the type of immigration official who signed his warrant of removal, an "SDDO," or "Supervisory Detention and Deportation Officer," is not authorized to issue a Form I-205 warrant of removal. (Draves Decl. Ex. 3 at 1.) *See Inti C.-L.*, No. 26-cv-2777-PJS-SGE, Dkt. No. 10 at 3. Respondents thus failed to comply with their own rules in taking Lazaro into custody. *See Accardi*, 347 U.S. at 268; *Lee*, 274 F.3d at 492. I find that the Form I-200 warrant did not authorize Lazaro's arrest.

**B. Warrantless arrest**

Even without a valid warrant, authorities could in theory have arrested Lazaro upon satisfaction of conditions listed in 8 U.S.C. § 1357(a). But I find those conditions were not satisfied here.

Section 1357(a) authorizes a warrantless arrest if an immigration official "has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The government bears the burden of proving reasonable belief as to both prongs of this provision. *Jefferson G.H.L. v. Blanche*, No. CV 26-2344-JRT-ECW, 2026 WL 1229623, at *3 (D. Minn. May 5, 2026).

Here, Respondents have not met their burden of proving there was reason to believe Lazaro was unlawfully present and likely to escape before they could obtain a warrant. In fact, Respondents concede that § 1357 "has no applicability here." (Resp. Br. at 10.) And no record evidence provides an independent basis for finding that both statutory prongs were satisfied. I find that Lazaro's warrantless arrest was not justified under § 1357(a).

Because Respondents have not shown that Lazaro's arrest was supported by a valid warrant or justified as a warrantless arrest under § 1357(a), I find that the arrest was unlawful *ab initio*, and the proper remedy is release. *See Espinoza-Avalos v. Blanche,* 8:26-cv-191, 2026 WL 1396593, at *4 (D. Neb. May 19, 2026) (citing *Hector J.A.S. v. Shea*, 26-cv-2242-JRT-DLM, 2026 WL 1243500, at *3 (D. Minn. May 6, 2026)).

**C. Revocation of supervised release**

Lazaro also argues that ICE failed to follow its own procedures upon revocation, thus violating regulations and his due-process rights. I agree.

Under 8 U.S.C. § 1231(a)(1)(A), a noncitizen with a final order of removal shall be removed from the United States within 90 days. If that doesn't happen, continued detention may be unlawful unless there is a significant likelihood of removal in the reasonably foreseeable future. 533 U.S. at 699–700. Detention of more than six months is presumptively unreasonable. *See id.* at 701.

Individuals whose continued detention is unreasonable because they are unlikely to be removed in the reasonably foreseeable future may be released on an order of supervision setting forth certain conditions of release. 8 C.F.R. § 241.13(c), (g)(1), (h).

The government can revoke such release only *after* notifying the noncitizen of the reasons for revocation. 8 C.F.R. § 241.13(i)(3); *see Ge Y. v. Noem*, No. 26-cv-1700-KMM-LIB, 2026 WL 800005, at *4 (D. Minn. Mar. 17, 2026), *report and recommendation adopted*, 2026 WL 803129 (D. Minn. Mar. 23, 2026). Failure to comply with the notice requirement implicates a noncitizen's due-process rights. *Ge Y.* 2026 WL 800005, at *4.

Here, Respondents failed to provide Lazaro notice before revoking his release. Lazaro was detained sometime before 1:25 p.m. (Draves Decl. Ex. 1 at 1.) Respondents revoked his order of supervision at least 50 minutes later, at 2:15 p.m. (*Id.*, Ex. 4 at 2.) Then, at 2:57 p.m., the government notified Lazaro of the revocation. (*Id.*)

This belated notice of revocation failed to satisfy § 241.13(i)'s notice requirement. This is "a sufficient, independent basis upon which to grant habeas relief." *Ge Y.*, 2026 WL 800005, at *5 (collecting cases); *see also Bounkieng S. v. Noem*, No. 26-cv-1830-JRT-EMB, 2026 WL 776926, at *2 (D. Minn. Mar. 18, 2026) (finding failure to provide notice of revocation until after noncitizen's arrest violated regulation, making detention unlawful);

*Luis D. v. Mullin*, No. 26-cv-2188-JRT-DJF, 2026 WL 1180095, at *2 (D. Minn. Apr. 30, 2026) (same); *Reinaldo Q. v. Noem*, No. 26-cv-1699-JWB-DWF, 2026 WL 1231799, at *3 (D. Minn. Mar. 9, 2026) (finding failure to comply with procedural requirements rendered detention unlawful and belated service of notice "does not cure the violation").

* * * * *

In sum, I find that Respondents' violations of the immigration arrest and revocation regulations render Lazaro's detention unlawful. *Bashir A. O.* 2026 WL 1481591, at *6. I further find that the appropriate remedy is release subject to the conditions of Lazaro's existing order of supervision. *See Reinaldo Q.*, 2026 WL 1231799, at *3. Having made these findings, I do not reach Lazaro's remaining arguments.

## III. Recommendation

For the foregoing reasons, and upon careful consideration of the entire record, IT IS HEREBY RECOMMENDED that:

1. Lazaro's Amended Petition for Writ of Habeas Corpus (Dkt. No. 9) be GRANTED;
2. Respondents be ORDERED to impose the same conditions of release to which Lazaro was subject prior to his unlawful arrest;
3. Respondents be ORDERED to immediately release Lazaro in Minnesota, at a time and place communicated in advance to counsel, and with all his possessions; and
4. Respondents be ORDERED promptly to file an update on the docket showing that such release has taken place.

Date: July 20, 2026

*s/ Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) The Court modifies the deadline such that objections are due on or before July 24, 2026. Responses to objections are due on or before July 28, 2026. All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).